

July 14, 2020

**VIA ECF**

Mark Langer, Clerk
Office of the Clerk
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse and
William B. Bryant Annex
333 Constitution Ave. NW, Room 5205
Washington, D.C. 20001

> Re:   *M.M.V., et al v. William Barr, et al*
> **Case Nos. 20-5106 and 20-5129 (Consolidated)**

Dear Mr. Langer:

Greenberg Traurig, LLP and co-counsel Rapid Defense Network represent the Appellants in the above-captioned consolidated appeal.  This letter is submitted pursuant to Fed. R. App. P. 28(j) to advise the Court of two recent pertinent decisions that impact this appeal.

First, on June 30, 2020, Judge Timothy J. Kelly vacated the interim final rule "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33, 829 (July 16, 2019) (the "Transit Ban") and granted summary judgment to the Plaintiffs in *Capital Area Immigrants' Rights Coalition v. Trump*, Nos. 19-cv-2117, 19-cv-2530, 2020 WL 3542481 (D.D.C. June 30, 2020) ("*CAIR*").  The Transit Ban rendered foreign nationals seeking to enter the southern border of the U.S. categorically ineligible for asylum unless they were previously denied protection in a country they traveled through en route.  The court in *CAIR* held that the Transit Ban was unlawfully promulgated because the government did not comply with the notice-and-comment requirements of the Administrative Procedure Act ("APA"), and that vacatur was appropriate.

Second, on July 6, 2020, the Ninth Circuit found that the Transit Ban was unlawful pursuant to the APA and on the merits as inconsistent with 8 U.S.C. § 1158, affirming the district court's preliminary injunction against its enforcement.  *See East Bay Sanctuary Covenant, et al. v. Barr, et al.*, Nos. 19-16487, 19-16773 (9th Cir. July 6, 2020).  The preliminary injunction in those consolidated cases is stayed pending Supreme Court review.

Here, Appellants challenge the district court's ruling that, under 8 U.S.C. § 1252, it lacked jurisdiction over claims challenging policies implemented pursuant to the Transit Ban.  Because the foregoing decisions render the Transit Ban void *ab initio*, the policies challenged by Appellants are likewise void *ab initio*.  This provides an independent jurisdictional basis over Appellants' claims, as the challenged policies were never lawfully adopted, and thus are not governed by 8 U.S.C. § 1252.  Appellants will be filing a motion for an indicative ruling by the district court to

consider this new jurisdictional evidence, and, if the district court grants such relief, a motion to remand with this Court. *See* Fed. R. App. P. 12.1; D.C. Cir. Rule 41(b).

Thank you for your attention to this matter.

Respectfully Submitted,
GREENBERG TRAURIG, LLP

/s/ Caroline J. Heller
By: Caroline J. Heller
200 Park Ave.
New York, New York 10166
Tel: (212) 801-9200
hellerc@gtlaw.com

Steven G. Barringer
2101 L Street, N.W.
Suite 1000
Washington, D.C. 20037
Tel: (202) 331-3100
barriners@gtlaw.com

James E. Gillenwater
333 SE 2nd Avenue, #4400
Miami, FL  33131200 Park Ave
gillenwaterj@gtlaw.com
Tel: (305) 579-0500

*Counsel for Plaintiffs-Appellants*

RAPID DEFENSE NETWORK
Gregory P. Copeland
Sarah T. Gillman
Rapid Defense Network
11 Broadway, Suite 615
New York, NY 10004
Tel: (212) 843-0910
gregory@defensenetwork.org
sarah@defensenetwork.org